UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BERNADETTE TAYLOR LOCKETT | : | CIVIL ACTION NO. |
| | : | 3:20-cv-191 (JAM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TARGET CORPORATION | : | |
| | : | |
| Defendant. | : | March 2, 2023 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Federal Rule of Civil Procedure 37 and District of Connecticut Local Rules 7 and 37, Defendant Target Corporation ("Target" or "Defendant") hereby submits its Memorandum of Law in Support of its Motion to Compel Plaintiff Bernadette Lockett ("Plaintiff") to supplement her responses to Initial Discovery Protocol Nos. f – j and Defendant's First Set of Discovery, specifically Interrogatory Nos. 13-15, Request for Production Nos. 30, 38-40.

Plaintiff is already under a Court order to produce responses to Defendant's First Set of Discovery. Prior to filing this motion, Defense counsel made multiple attempts to obtain Plaintiff's supplemental information and avoid Court intervention. In response, Plaintiff provided penurious responses and two pages of documents without explanation. Plaintiff cannot shield herself from her discovery obligations with a cryptic production and silence. This Court has told her multiple times that she needs to cooperate with opposing counsel. She has not heeded the Court's warnings.  Target should not be required to litigate in the dark, nor should it be forced to speculate as to, or try to piece together information about, Plaintiff's mitigation efforts as it prepares for the March 22, 2023 settlement conference and trial.

The information Defendant seeks pertains primarily to Plaintiff's damages and mitigation efforts – information that is at the heart of this matter as the parties prepare for the March 22, 2023 settlement conference and in anticipation of trial. The Court should not condone Plaintiff's refusal to comply with her previously ordered discovery obligations, including supplementing her discovery responses, or, for that matter, simply engaging Defendant in a discussion about these discovery obligations.

For the foregoing reasons, Defendant respectfully requests that the Court compel, for the second time, Plaintiff to supplement her responses to Defendant's Interrogatory Nos. 13-15, Request for Production Nos. 30, 38-40, and Initial Discovery Protocol Nos. f – j. Further, given that Plaintiff acted without substantial justification in failing to provide the requested authorizations, despite being under Court order to do so, Defendant also requests that the Court require Plaintiff to pay Defendant's reasonable expenses incurred in bringing this motion.

## FACTS

Plaintiff filed the instant lawsuit on February 11, 2020, and filed an Amended Complaint on April 13, 2020. On February 11, 2020, the Court ordered the parties to respond to Initial Discovery Protocols in Employment Cases ("IDPs"). Dkt. 8. The IDPs identified "Documents that Plaintiff **must** produce to Defendant" to include:

> f. The plaintiff's current resume(s).
>
> g. Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.
>
> h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment. The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days' notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena.
>
> i. Documents concerning the termination of any subsequent employment.

2

j. Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

Dkt. 8, p. 4 (emphasis added).

On July 27, 2020, Defendant served, via electronic mail, its First Set of Requests for Production and Interrogatories on Plaintiff ("Target's First Set of Discovery").  *See,* Exhibit 1, Affidavit of Nicole S. Mulé ("Mulé Aff.") ¶ 6.  Specifically, Target's Interrogatories requested Plaintiff provide a narrative response to the following:

13. Since October 1, 2017 identify and/or explain:

a. all employment agencies and/or placement firms which you contacted, submitted resumes or applications to, and/or had interviews with, and the dates thereof;

b. any employers with whom you had interviews, submitted resumes, completed applications and/or received job offers and the dates thereof;

c. any other employers as to whom inquiries were made regarding possible employment and the dates thereof;

d. all other efforts made by you to obtain employment;

e. the position sought and its compensation with respect to each employer identified in response to sections (a) and (b) above; and

f. all documents that refer or relate in any manner to any of your efforts to obtain employment, which are described above.

14. Identify the source and amount of all income or benefits that you received from any source during the past five (5) years to the present, including but not limited to unemployment compensation, disability benefits, workers' compensation benefits, social security benefits, and any form of public assistance.

15. Please state the name and address of all employers by whom you have been employed since October 1, 2017 and state:

a. the identity and address of said employer;

b. the length of time you have been employed at each place of employment and the date that employment commenced;

c. your job title, duties and responsibilities and immediate supervisor at each place of employment;

d. your rate of pay at the time each employment commenced and the date and amount of all increases in that rate of pay;

3

> e. the identity and the monetary value of all other forms of compensation received by you from each employer, including although not by way of limitation, any fringe benefits, bonuses, commission insurance and expense reimbursements;
>
> f. whether you have made any formal or informal complaints of discrimination against said employer; and
>
> g. if no longer employed by said employer, the reason you were no longer employed.

*Id*.

Target's First Set of Requests for Production requested Plaintiff provide documents in response to the following:

> 30. Produce all documents and communications relating to your income and monies earned or received by you from any source whatsoever after the end of your employment with Target.
>
> 38. Produce any and all documents and communications relating to any damages you claim including, but not limited to, damages for back pay; emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; punitive damages; front pay; and reasonable attorney consulting fees and costs. Your response should include documents relating to: (a) the type of damages alleged (e.g., emotional distress, etc.); (b) the exact amount of the damage you claim; and (c) the basis on which you have computed the damage.
>
> 39. Produce your 2015, 2016, 2017, 2018, 2019 tax returns and any subsequent returns together will all attachments, exhibits, schedules, amendments, W-2s, 1099s, K-1s and audit records. If a return has not yet been filed, please provide copies of all W-2s, 1099s, K1s, and all other records of income and deductions.
>
> 40. To the extent not produced in response to another Request, any and all documents and communications concerning or related to all elements of damages you claim against Defendant.

*Id*.

On September 25, 2020, Plaintiff served her objections and responses. Exhibit 3, Discovery Responses & Objection (Sept. 25, 2020); Mulé Aff. ¶ 7. Plaintiff's responses were deficient.

4

On February 11, 2021, Target filed a Motion to Compel. Dkt. 47. The Court held a telephonic hearing on April 13, 2021. Dkt. 58. After a hearing on the motion, Magistrate Judge Richardson granted Target's motion, in part, and ordered Plaintiff to produce all documents relating to "her claim for damages including back pay; emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; punitive damages; and front pay" which included responses to Interrogatory Nos. 13-15 and Request for Production Nos. 30, 38-40 identified above.[1] Dkts. 58 & 63.

On May 27, 2021, Plaintiff filed a motion for reconsideration of Judge Richardson's order (Dkts. 58 & 63). Dkt. 64. On June 24, 2021 Judge Meyer issued an order denying Plaintiff's motion writing:

> ORDER DENYING MOTION FOR RECONSIDERATION (Doc. # 64). Plaintiff has filed a motion for reconsideration of Judge Richardson's order that the Court understands to be an objection seeking review pursuant to 28 U.S.C. § 636(b)(1)(A). The Court DENIES the motion for substantially the reasons stated in defendants' response (Doc. # 65)…. Plaintiff shall fully comply with Judge Richardson's order…. **Plaintiff is advised that the failure to comply may result in sanctions or the dismissal of this action**. It is so ordered.

Dkt. 66. (Emphasis added and in original).

Following the Court order, Plaintiff produced mitigation information for her employment with Kelly Services (October 13, 2017 – October 18, 2018), Naugatuck Valley Community College (February 15, 2019 – June 6, 2019), and unemployment benefits from the Connecticut Department of Labor (April – December 2020) via authorizations for Defendant to obtain records from these third parties. *See,* Mulé Aff. ¶ 8. To date, Plaintiff has not supplemented her mitigation information for any mitigation that occurred since December 2020.

---

[1] On April 13, 2021, following the parties' oral arguments, Judge Richardson denied Target's motion to compel Request No. 40 only because at the time he deemed it moot. *See,* Dkt. 58.

On January 19, 2023, defense counsel emailed Plaintiff requesting her to supplement her discovery responses and production to Defendant's First Set of Discovery. Exhibit 5, Email (Jan. 19, 2023); Mulé Aff. ¶ 9. Target outlined the five IDPs categories, three Interrogatories, and four Requests for Production (detailed above) that required supplementation. *Id.* Target's January 19th letter also offered to meet and confer. *Id.*

Plaintiff did not acknowledge receipt of, or respond to, the January 18 letter. On January 26, 2023, defense counsel emailed Plaintiff:

> Please let us know if you intend to: (i) supplement your discovery responses as requested by our letter (see attached); and/or (ii) respond to our request to supplement your discovery responses.
>
> We have not yet received any type of response from you to the January 19th email.

Exhibit 6, Email (Jan. 26, 2023); Mulé Aff. ¶ 10.  On February 2, 2023, Plaintiff emailed defense counsel the following message:

> 1. June 6, 2022 - Present: Campaign manager and treasurer for Senator Douglas McCrory contracted for a lump sum of $8,000.
>
> 2. July 2022-November 2022 JC. Penny W2 attached.
>
> 3. November 2022 - Present: Society of Human Engagement and Business Alignment W2 attached - $20 hourly.

To that email, Plaintiff attached two W2 statements. Exhibit 7, Email (Feb. 2, 2023); Mulé Aff. ¶ 11. Plaintiff did not provide any written narrative as to what these documents were responsive to, nor did Plaintiff make any other effort to address or supplement the discovery obligations identified by Defendant.

As a result, on February 8, 2023, defense counsel sent a second letter to Plaintiff detailing the deficiencies, writing:

> First, we identified the following IDPs that needed to be supplemented[.]

6

***

You did not produce a response to any of these IDP categories. A full response would include, but is not necessarily limited to:
- all versions of any resume you provided to any employer or potential employer;
- communications with, and documents received from and submitted to, the Connecticut Department of Labor regarding unemployment benefits;
- copies of any unemployment benefits you received;
- emails, letters, or correspondence with potential employers (including electronic submissions and communications) evidencing your effort to try to obtain employment – regardless of the outcome of that attempt;
- all job search efforts, including applications, and communications with recruiters or job placement agencies (including electronic submissions and communications);
- offers of employment regardless of if you accepted that employment;
- job descriptions for the positions you did accept;
- offer letters, employment contracts and benefit information for any position you accepted or were offered;
- termination letters and separation communication; and
- wage statements.

Should written responses be required to supplement your IDPs, Judge Meyer's Order on IDPs includes the format these responses should be in. See, Dkt. 8.

Second, we identified the following Interrogatories that needed to be supplemented[.]

***

You did not provide a response to any of these Interrogatories. Please note that an email responding to these Interrogatories is insufficient. Under Federal Rule of Civil Procedure 33(b)(5), a party responding to an interrogatory is required to provide a narrative response and must separately provide a verification that is signed by the person who makes the answers and declares under oath that the answers are true and accurate. *Id*.

Third, we identified the following Requests for Production that needed to be supplemented[.]

***

Please produce all responsive documents. Any supplemental response should be in a form supplementing your prior Request for Production response and not via email.

7

>Please provide us the responses no later than February 13, 2023. Failure to do so will require us to seek Court intervention, and to seek the costs and fees associated with having to compel the production of this information.

Exhibit 8, Email (Feb. 8, 2023); Mulé Aff. ¶ 12.

On February 13, 2023, Plaintiff responded with an email that simply attached a PDF called "Tracker." Exhibit 9, Email (Feb. 13, 2023); Mulé Aff. ¶ 13. Plaintiff's email did not address any of those deficiencies identified in the January 19th or February 8th correspondence. Plaintiff did not respond to Defendant's multiple offers to meet and confer.

To date, Plaintiff has stonewalled Defendant by refusing to meet and confer, and refusing to properly update her responses to previously Court ordered discovery.

## ARGUMENT

The Court should order Plaintiff to supplement her discovery responses because (1) the Court previously ordered Plaintiff to comply with Interrogatory Nos. 13-15 and Request Nos. 30, 38-40 and the IDP Nos. f – j were ordered by Judge Meyer; (2) Plaintiff is under a continuing obligation to supplement her discovery responses; and (3) Defendant will be prejudiced absent Plaintiff's supplemental production because the information is relevant and necessary to Defendant's defense and Plaintiff's claim for damages. All factors weigh in favor of an order compelling Plaintiff to supplement her discovery responses and awarding Defendant its attorneys' fees associated in seeking this motion, especially in light of the fact that this is not the first time Defendant has been forced to raise Plaintiff's refusal to comply with her discovery obligations to this Court.

### I. Plaintiff is Already Under A Court Order to Respond to Interrogatory Nos. 13-15 and Request Nos. 30, 38-40 and IDP Nos. f – j.

Pro se litigants are required to comply with discovery, just like any other litigant. *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997); *McDonald v. Head Criminal*

*Court Supervisor*, 850 F.2d 121, 123 (2d Cir. 1988). Here, the Court previously ordered Plaintiff to respond to Interrogatory Nos. 13-15 and Request Nos. 30, 38-40. [Dkts. 58 & 63.] The Court warned Plaintiff that her failure to "comply may result in sanctions or the dismissal of this action." Likewise, on February 11, 2020, Judge Meyer entered an order requiring the parties to respond to IDPs. Dkt. 8. There is no basis for Plaintiff to withhold information and documents responsive to these discovery requests. The Court already found the discovery to be both relevant and discoverable.

Further, this case has been pending for three years. There is no excuse for Plaintiff's evasive conduct. Hon. Richardson and Hon. Meyer previously warned Plaintiff that she needed to comply with her discovery obligations.

The limited narrative email response Plaintiff did provide is not in the form of a supplemental discovery response, nor did it include a verification. Plaintiff's evasive conduct is underscored by the fact that she failed to provide the limited supplemental response she did provide in the correct form – i.e., an email response is insufficient. Under Federal Rule of Civil Procedure 33(b)(5), a party responding to an interrogatory is required to provide a narrative response and must separately provide a verification that is signed by the person who makes the answers and declares under oath that the answers are true and accurate. *Id*. Plaintiff's email does not identify any interrogatory it is responsive to, does not answer any particular interrogatory in full (i.e., the interrogatories contain subparts of requested information that Plaintiff ignores); and there is no verification page, which is required and necessary for impeachment purposes. The requests for production similarly require identification of what

documents are responsive to each request. Plaintiff has failed to comply with these fundamental requirements.

Thus, Plaintiff should be compelled to supplement her responses to Interrogatory Nos. 13-15, Request Nos. 30, 38-40 and IDP Nos. f – j.

## II. **Plaintiff is Under Continuing Obligation to Supplement her Discovery Responses.**

Under Rule 26(e), parties are under a continuing duty to supplement their initial disclosures, as well as all other discovery responses, when "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ." Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement survives past the discovery cutoff. *Id.* This duty applies equally to IDP responses as discovery responses. *See* D. Conn. L. R., Disc. Protocols II(2) ("This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation[.]"). When a party violates Rule 26(e), district courts may impose sanctions without first issuing an admonitory order. The rule itself furnishes fair warning. Thus, when Rule 26(e) is flouted, district courts possess the power to impose sanctions without first issuing a firm discovery deadline or an admonitory order. *See Outley v. City of New York,* 837 F.2d 587, 589 (2d Cir. 1988).

Here, Plaintiff is under a continuing duty to supplement her discovery responses, including Rule 26 initial disclosures. Despite defense counsel alerting Plaintiff to the rule, Plaintiff has not supplemented her responses to IDP Nos. f – j, Interrogatory Nos. 13-15, and Request Nos. 30, 38-40. The information sought is both relevant and discoverable. *Ostigny v. Camp,* No. 3:07CV1777 (RNC), at *7 (D. Conn. Aug. 14, 2009) (compelling plaintiff to supplement vague and unspecific damages with more specific damage reports finding plaintiff's responses were "not responsive to the requests that plaintiff state 'fully and with

particularity the facts and details' of his damages."). The need for Plaintiff to supplement her discovery with full and complete responses is underscored by the fact that Plaintiff's deposition is closed, and Plaintiff's supplemental response is the only way for Defendant to obtain the relevant supplemental information. In fact, when asked in her deposition about her damages, Plaintiff gave similarly vague and evasive answers:

> Q.· So is there any sort of, you know, emotional distress or reaction that you've had that's attributable to your employment at Target that you would like to share with me?
>
> A. I haven't. I hear what you're asking me, and I'm going to say to you, I haven't sat down to think about it yet. The best way I can help you to understand that is to say that I'm still moving, so I haven't had time….
>
> ***
>
> Q. So did you reach out to Kelly Services to set up new employment before your last day at Target?
> A. What do you mean?
> Q. Had you worked with Kelly Services prior to October, 2017?
> A. I don't think so.
> Q. How did you learn about Kelly Services?
> A. I don't remember
>
> ***
>
> Q. What sort of stuff in addition to what you've sent to me that you would have regarding your job search effort?
> A. Applying for jobs, putting in applications.
> Q. Do you still have copies of those applications?
> A. I don't have copies of the applications, no.
> Q. How did you submit them?
> A. Always online.
> Q. Online?
> A. Yes.
> Q. Did you ever get return emails as in your application was successfully submitted?
>
> ***
>
> Q. Exhibit 20 is a copy of your resume. Is this your current resume that you're using?
> A. No.
> Q. Do you have a more updated version of your resume?
> A. Definitely.

*See,* Exhibit 10, Pl. Dep. 195:23-196:12, 204:18-205:4, 211:13-212:5; Mulé Aff. ¶ 14.

Target has a right to obtain discovery on Plaintiff's economic damages, including her duty to mitigate. Plaintiff should be compelled to respond and produce the responsive documents.

### III. Defendant Will be Prejudiced Absent Plaintiff's Supplement Responses.

The purpose of discovery is to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble* Co., 356 U.S. 677, 682 (1958) (citation omitted). Throughout the course of this litigation, Plaintiff has continually resisted Defendant's efforts to obtain discoverable information from Plaintiff regarding the lawsuit she filed against Defendant. The entire purpose of discovery is to ensure that the issues and facts are disclosed to the fullest practicable extent. Defendant should never be put in the position of guessing or speculating as to Plaintiff's mitigation efforts because of Plaintiff's refusal to provide a narrative response to Interrogatories and IDPs, and refusal to fully comply with Requests for Production. Plaintiff's refusal to engage in the discovery process in good faith is highly prejudicial to Defendant as it, in essence, forces Defendant to litigate in the dark. Plaintiff's conduct has hindered the resolution of this case and prejudiced the ability of Target to prepare for the March 22, 2023 settlement conference and August 2023 trial.

### IV. Defendant Is Entitled to Its Attorneys' Fees.

Plaintiff's failure to meet her discovery obligations, failure to comply with the Court's orders, and failure to make a concerted effort to confer with opposing counsel and disclose responsive documents at this stage in the proceedings warrants the imposition of sanctions. District of Connecticut Local Rule 37(c) provides that where a party has opposed discovery "which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by a good faith argument for extension, modification or

reversal of existing law, sanctions will be imposed in accordance with applicable law." Local Rule 37(c) specifically states that attorneys' fees are among the sanctions available under such circumstances.

Here, for Plaintiff – who seeks relief through the court system – it is not too much to ask that Plaintiff cooperate with respect to pre-trial discovery and prior Court orders. There is no reason why Defendant should have to pay their attorney to litigate Plaintiff's failure, and refusal, to comply with discovery requirements. Defendant should not be required to seek Court intervention because Plaintiff stonewalls defense counsel and refuses to communicate. Moreover, given that Plaintiff is already under a Court Order to produce documents responsive to the IDPs and First Set of Discovery, there can be no good faith basis that Plaintiff can assert to justify her failure to supplement her discovery responses. Accordingly, Defendant requests that the Court award Defendant its attorneys' fees associated with its filing of the present Motion to Compel.

**V.   Defendant Attempted to Confer With Plaintiff.**

As required by District of Connecticut Local Rule 37(a), counsel for Defendant, prior to the filing of this Motion to Compel, made multiple good-faith efforts to confer with Plaintiff regarding this discovery dispute in an effort to avoid the present Motion.

## CONCLUSION

For the reasons set forth herein, Defendant requests that the Court order Plaintiff to:

i.   Supplement her responses to Initial Discovery Protocols Nos. f – j;

    a.   Provide a narrative response to Initial Discovery Protocols Nos. f – j on a form identifying the Initial Discovery Protocols then inserting the word "Answer" and immediately thereafter state the response to that Initial Discovery Protocol.

ii.   Supplement her responses to Interrogatory Nos. 13-15;

    a.   Provide a narrative response to Interrogatory Nos. 13-15 on a form identifying the Interrogatory then inserting the word "Answer" and immediately thereafter state the response to that Interrogatory;

    b.   Separately provide a verification that is signed by the Plaintiff that declares under oath that the answers to Interrogatory Nos. 13-15 are true and accurate.

iii.   Supplement her production to Request Nos. 30 & 38-40;

    a.   Provide a narrative response identifying to Request Nos. 30 & 38-40 on a form identifying the Request then inserting the word "Answer" and immediately thereafter identify the documents that are responsive to the Request;

iv.   Preclude Plaintiff from introducing any evidence responsive to Target's First Set of Discovery that was not supplemented.

v.   Award Defendant reasonable expenses incurred in obtaining this order, including attorneys' fees; and

vi.   Award Defendant all other just and equitable relief to which it may be entitled.

15

**DEFENDANT,**
**TARGET CORPORATION**

*/s/ John G. Stretton*
John G. Stretton (CT19902)
Nicole S. Mulé (CT30624)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Telephone: 203-969-3102
Facsimile: 203-969-3150
john.stretton@ogletreedeakins.com
nicole.mule@ogletree.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 2nd day of March 2023.

                                                                                                  */s/ Nicole S. Mule*
                                                                                                  Nicole S. Mulé